**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PATRICIA BOLEN,

      Plaintiff,

v.                                                CASE NO. 6:10-CV-1280-Orl-36DAB

ILLINOIS NATIONAL INSURANCE CO.,

      Defendant.

_____/

**ORDER**

This cause comes before the Court upon the Report and Recommendation of Magistrate Judge David A. Baker, filed on August 28, 2012 (Doc. 26), regarding Plaintiff Patricia Bolen's ("Plaintiff") Renewed Motion to Remand, Motion to Re-open, and Motion for Attorneys' Fees ("Motion to Remand") (Doc. 23). In the Report and Recommendation, the Magistrate Judge recommends that the Court grant Plaintiff's Motion to the extent it seeks to remand this action to state court and deny it to the extent it seeks an award of attorneys' fees. *See* Doc 26. Defendant Illinois National Insurance Co. ("Defendant") filed an Objection to the Magistrate's Report and Recommendation (Doc. 28), to which Plaintiff responded (Doc. 29). Accordingly, this matter is ripe for review.

**BACKGROUND**

    **I.**    **Procedural History**

On May 28, 2005, Plaintiff was injured in a car accident when a third-party driver collided with her vehicle (Doc. 10, Ex. 1, ¶ 4). On April 12, 2007, Plaintiff filed a two-count Complaint against Defendant, her automobile insurance company, in the Circuit Court of the Ninth Judicial

Circuit, in and for Orange County, Florida ("State Trial Court"). *Id*. at ¶¶ 6-21. Count One alleged a claim for uninsured motorist ("UM") benefits, and Count Two alleged a claim for statutory bad faith. *Id*. Defendant moved to dismiss Count Two of Plaintiff's Complaint, however the State Trial Court instead issued an Order abating the bad faith claim (Doc. 10, Ex. 6). The State Trial Court found, "Count Two of Plaintiff's Complaint abated until there has been a final determination of liability and damages, in way of a final judgment and/or final order entered as to Count One of Plaintiff's Complaint." *Id*. In other words, the abatement of Count Two was not to be dissolved until the merits of Count One was resolved.

This matter proceeded to trial and, on December 3, 2009, the jury returned a verdict in favor of Plaintiff for $870,336.91 on Count One (Doc. 10, Ex. 13). On June 21, 2010, the State Trial Court entered an Order of Partial Final Judgment, limiting Plaintiff's damages to $25,000.00, the amount of the UM policy limits (Doc. 10, Ex. 14). Defendant appealed the Partial Final Judgment to the Fifth District Court of Appeal ("State Appellate Court") (Doc. 10, Ex. 20).

On July 27, 2010, the State Trial Court entered an Order granting Plaintiff's Motion to Dissolve Abatement (Doc. 10, Ex. 15). In response, Defendant moved for reconsideration of that order with the State Trial Court (Doc. 10, Ex. 16), filed a petition for a Writ of Certiorari with the State Appellate Court (Doc. 10, Ex. 16), and filed a Notice of Removal of Count Two of Plaintiff's Complaint with this Court (Doc. 1). On September 24, 2010, Plaintiff filed a Motion to Remand Count Two back to the state court (Doc. 9).

In light of the ongoing State Appellate Court proceedings, this Court declined to adjudicate the matter (Doc. 16). Instead, the Court administratively closed the case pending the resolution of the appeals of the underlying action. *Id*. On February 4, 2011, the State Appellate Court granted

the petition for certiorari and vacated the Order lifting the abatement (Doc. 24, Ex. 4). On March 27, 2012, the State Appellate Court issued a mandate on Defendant's appeal of the Partial Final Judgment, affirming the State Trial Court's final order on the merits on the UM Count (Doc. 24, Ex. 8).

On April 25, 2012, Defendant once again filed a Notice of Removal with this Court (Doc. 17), which Plaintiff moved to remand (Doc. 23). On August 28, 2012, Magistrate Judge David A. Baker issued a Report and Recommendation on this matter (Doc. 26).

## **STANDARD**

When a party makes a timely and specific objection to a finding of fact in a Report and Recommendation, the District Court should make a *de novo* review of the record with respect to the factual issues. 28 U.S.C. § 636(b)(1) (2009) ; *United States v. Raddatz*, 447 U.S. 667 (1980); *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507 (11th Cir. 1990). Once a timely objection to the Report and Recommendation is made, the District Judge may accept, reject or modify, in whole or in part, the Report and Recommendation of the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id*.

When a case is initially filed in state court and then removed to federal court pursuant to 28 U.S.C. §1441, the party removing the action bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. §1332(a)) (citation omitted). When the defendant fails to do so, the case must be remanded. *Id*. at 1321. "[W]here plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## **ANALYSIS**

In the Report and Recommendation, the Magistrate Judge found that this cause of action commenced on April 12, 2007, when Plaintiff filed her Complaint in the State Trial Court. Doc. 26, pp. 6-7; *see Jones v. Fort Dodge Animal Health*, 2006 WL 1877103, *3 (N.D. Fla. 2006) (citing Fla. R. Civ. P. 1.050); *see also Theodorou v. Burling*, 438 So. 2d 400 (Fla. 4th DCA 1983). Moreover, despite a split of non-binding authority on this issue, the Magistrate also found that Plaintiff's bad faith claim was not separately removable, and therefore was also commenced on April 12, 2007 when Plaintiff's Complaint was filed. Doc. 26, pp. 11-12. As there is no controlling authority from the Eleventh Circuit on this issue, the Magistrate Judge based this determination in part on Florida's pleading practice which allows the premature assertion of a bad faith claim at the onset of litigation, and the maintenance thereof while the removal clock runs. *Id*. at 10-12. Accordingly, the Magistrate Judge found that Defendant's Notices of Removal, filed on August 26, 2010 (Doc. 1) and April 25, 2012 (Doc. 17) are untimely, as they both were filed after the one-year limitation set forth in 28 U.S.C. § 1446(b). *Id*. at 12.

In the Objection to the Magistrate's Report and Recommendation, Defendant argues that the Magistrate Judge "misapplies Florida state law for determining when a bad faith action 'commences' for removal purposes under § 1446." Doc. 28, p. 1. Specifically, Defendant argues that the bad faith claim "commenced" on the date it accrued, March 27, 2012, not on the date the Complaint was filed, April 12, 2007. *Id*. at 8. Using March 27, 2012 as the operative date for removal purposes, Defendant argues its Notice of removal filed on August 26, 2012 was timely. *Id*.[1]

---

[1]It bears mentioning that the arguments raised by Defendant in its Objection (Doc. 28) were also raised by Defendant in its Response in opposition to Plaintiff's Renewed Motion to Remand (Doc. 25). Accordingly, these arguments were considered in the Magistrate's Report and
(continued...)

Under Florida law, commencement of a civil action occurs when the complaint is filed. *Jones*, 2006 WL 1877103, at *3 (citing Fla. R. Civ. P. 1.050).  However, Florida law provides that a bad faith claim cannot be prosecuted prior to its accrual. *See Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Accrual requires a determination of liability and damages, and the resolution of all appeals. *See id.*; *see also Daggett v. Am. Sec. Ins. Co.*, 2008 WL 1776576, at *3 (M.D. Fla. 2008).  As the Magistrate Judge notes, Florida courts routinely permit bad faith claims to be "pled along with the underlying insurance claim and allowed to stand subject to stay or abatement . . . ".  Doc. 26, p. 8 (citing cases); *see, e.g.*, *Daggett*, 2008 WL 1776576, at *3 (finding that Florida courts allow a plaintiff to assert a claim for bad faith at the onset of litigation, and further allow the claim to stand while the removal clock is ticking).  As a result, these Florida courts treat such bad faith claims as part of the original case. Doc. 26, pp. 8-9; *see, e.g.*, *Jenkins v. Allstate, Ins. Co.*, 2008 WL 4934030, at *2 (M.D. Fla. 2008); *Curran v. State Farm Mut. Auto. Ins. Co.*, 2009 WL 2003157 (M.D. Fla. 2009).  Accordingly, because Plaintiff included a bad faith claim in her initial Complaint and the State Trial Court did not dismiss it, it is deemed part of that case from the onset.

As the Magistrate Judge notes, there is non-binding authority supporting both sides of whether or not a bad faith claim is separately removable. Doc. 26, pp. 11-12 (citing supporting cases).  However, there is no controlling authority from the Eleventh Circuit. *Id.*  Defendant asserts that the Magistrate Judge favored the line of Southern District of Florida decisions that support remand, rather than the line of Middle District of Florida decisions upon which Defendant relies.  Doc. 28, p. 11.   Furthermore, Defendant argues that these Southern District decisions are

---

(...continued)
Recommendation.

distinguishable because they are critical of certain Middle District decisions for "fail[ing] to discuss when it is appropriate to apply a separate and independent analysis in the removal context, let alone the statutory prohibition against such application in the diversity context [under Section 1441(c)]." *Id.* (citing *Potts v. Harvey*, 2011 WL 4637132, *3-4 (S.D. Fla. 2011)). However, Defendant's asserted distinction does not withstand scrutiny. There are decisions from the Middle District of Florida, as well as the Southern District, that support remand. *See e.g.*, *Daggett*, 2008 WL 1776576 (M.D. Fla. 2008); *Suncoast Cnty. Clubs, Inc. v. U.S. Fire Ins. Co.*, 2006 WL 2534197 (M.D. Fla. 2006).

Defendant also argues that the Court should treat the State Trial Court's Order abating the bad faith claim as a dismissal without prejudice for removal purposes. Doc. 28, p. 9. Under Florida law, "[t]he proper remedy for premature litigation is an abatement or stay of the claim for the period necessary for its maturation under the law." *Blumberg v. USAA Cas. Ins. Co.*, 790 So. 2d 1061, 1065 n.2 (Fla. 2001) (internal quotations omitted); *Angrand v. Fox*, 552 So. 2d 1113, 1115 (Fla. 3d DCA 1994). Moreover, Florida courts have made clear that the abatement of a premature claim is treated as a stay, not a dismissal. *See, e.g.*, *Pecora v. Signature Gardens, Ltd.*, 25 So. 3d 599 (Fla. 4th DCA 2009) (treating an order abating an action as a stay which did not terminate the action, but rather postponed it until the contingency occurred); *Dep't of Children and Families v. L.D.*, 840 So. 2d 432, 434 (Fla. 5th DCA 2003) (treating an order abating proceedings as an order staying them, rather than dismissing them). Accordingly, it is clear that under Florida law the abatement of a claim is not equivalent to its dismissal.

As the Magistrate Judge noted, the Court is mindful of the implications of this decision. *See* Doc. 26, pp. 12-13. However, construing the removal statutes narrowly, as required, the Court is

in agreement with the Magistrate that this action was untimely removed under the one-year repose period established by 28 U.S.C. § 1446(b).  Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and  approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 26) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiff Patricia Bolen's Renewed Motion to Remand, Motion to Re-open, and Motion for Attorneys' Fees (Doc. 23) is **GRANTED in part** and **DENIED in part**.

3. This cause of action is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida.  Plaintiff's request for attorneys' fees is denied.

4. The Clerk of Court is directed to mail a certified copy of this Order to the Clerk of the Ninth Judicial Circuit, Orange County, Florida.  The Clerk of Court is further directed to close this case.

**DONE AND ORDERED** at Orlando, Florida on October 12, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD